# United States Bankruptcy Court
## Northern District of Georgia

In re  **Gregory Brian Johnston**
**Marie Thomason Johnston**
Debtor(s)

Case No. **17-64373-PMB**
Chapter **13**

## AMENDED CHAPTER 13 PLAN

**Extension** ☐                                           **Composition** ☑

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of **$957.00   Monthly** to Trustee by ☑ Payroll Deduction(s) or by ☐ Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   ☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

   (B). **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **4,250.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **0.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $ **4,250.00**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $**4,250.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $ **543.00** trustee to pay fees to Debtor's attorney from the funds available of $ **2,000.00** (amount not to exceed $2,000); (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $ **2,000.00** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

   Debtor and Debtor (s) attorney have further agreed that Debtor(s) attorney may be paid for "non base services" as they are performed on an as needed basis.  These "non base services", and the agreed fee for each, are identified in Paragraph 6 of the Rule 2016(b) disclosure statement in this case.  Upon completion of a non base service, Debtor's attorney may file an application with the court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter.  If the non base fee is approved by the court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with this paragraph.  If the base fee has been paid in full, then the fee shall be paid up to $543.00 per month, and the distribution to creditors shall be reduced, pro rata, by the amount until the additional fee is pain is full.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   | -NONE- |
   |---|

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
   |---|---|---|
   | -NONE- | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or
   Claimant and proposed treatment:  **-NONE-**

   (B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| **Georgia Department of Revenue** | 0.00 |
| **Internal Revenue Service** | 4,793.15 |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

12.01.15

Best Case Bankruptcy

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Capital One Auto Finance | 2013 Toyota Corolla 22000 miles | $250.00 |
| Citibankna | 5538 Hiram Lithia Springs Road Powder Springs, GA 30127  Cobb County | $25.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Capital One Auto Finance | 2013 Toyota Corolla 22000 miles | Opened 02/17 Last Active 7/03/17 | 12,180.38 | 4.25% | $250.00 monthly increasing to $325.00 monthly in April 2018 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| | | | | | |
| Wells Fargo Bank Nv Na | Roof | Opened 08/15 Last Active 7/17/17 | 4,500.00 | 4.25% | $25.00 monthly increasing to $100.00 monthly in April 2018 |

3

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Ditech | 5538 Hiram Lithia Springs Road | 110.00 | 22.00 |
| Citibank | 5538 Hiram Lithia Springs Road | $23,693.00 (to be paid in full second mortgage) | $50.00 monthly increasing to $465.00 monthly beginning April 2018 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| -NONE- | |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ **121,000.00**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ **0**  or  **0**  %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| -NONE- | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

12.01.15

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

10. **Other Provisions:**

    (A). Special classes of unsecured claims.

    (B). Other direct payments to creditors. If applicable, Debtor shall make payments directly to Debtor's student loan creditors as set forth in Schedule F of Debtor's voluntary petition.

    (C). Any tax refund that is issued to the Debtor during the Applicable Commitment Period, greater than $1,500.00, shall be paid into the Debtor's Chapter 13 case; any tax refund less than $1,500 (or up to $1,500 of any tax refund) may be retained by the Debtor upon written request to the Trustee. Further, the Debtor instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the Applicable Commitment Period directly to the Debtor's Chapter 13 Trustee.

    (D). Any creditor which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.

    (E). Other allowed secured claims: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with **4.25** % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (F). Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
-NONE-

    (G). Any fees, expenses, and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded and Debtor will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).


Date **February 21, 2018**    Signature **/s/ Gregory Brian Johnston**
                                              **Gregory Brian Johnston**
                                              Debtor

Date **February 21, 2018**    Signature **/s/ Marie Thomason Johnston**
                                              **Marie Thomason Johnston**
                                              Joint Debtor

Date **February 21, 2018**    Signature **/s/ Howard Slomka**
                                              **Howard Slomka 652875  GA**
                                              Attorney
                                              **Slipakoff & Slomka PC**
                                              **Overlook III, 2859 Paces Ferry Rd, SE**
                                              **Suite 1700**
                                              **Atlanta, GA 30339**
                                              **404-800-4001 Fax:1-888-259-6137**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

12.01.15

Best Case Bankruptcy

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE:

GREGORY BRIAN JOHNSTON,  :     CHAPTER 13
MARIE THOMASON JOHNSTON, :
        Debtors.           :     CASE NO.: 17-64373-PMB
                                :
                                :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Amended Chapter 13 Plan in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

Melissa J. Davey (Served via ECF mail)
Chapter 13 Trustee
260 Peachtree Street, N.E.
Suite 200
Atlanta, GA 30303

Gregory Brian Johnston
Marie Thomason Johnston
5538 Hiram Lithia Springs Rd
Powder Springs, GA 30127

SEE ATTACHED FOR ADDITIONAL CREDITORS

DATE: February 21, 2018

      /s/
Howard Slomka
Georgia Bar # 652875
Slipakoff & Slomka, P.C.
Attorney for Debtor
Overlook III
2859 Paces Ferry Rd. SE
Atlanta, GA 30339
Tel: (404)800-4001

```
Label Matrix for local noticing       Bank of America, N.A.                  (p)BANK OF AMERICA
113E-1                                 P O Box 982284                         PO BOX 982238
Case 17-64373-pmb                      El Paso, TX 79998-2284                 EL PASO TX 79998-2238
Northern District of Georgia
Atlanta
Wed Feb 21 11:35:52 EST 2018

Bby/cbna                               Capital One Auto Finan                 Capital One Auto Finance
50 Northwest Point Road                Credit Bureau Dispute                  4515 N Santa Fe Ave. Dept. APS
Elk Grove Village, IL 60007-1032       Plano, TX 75025                        Oklahoma City, OK 73118-7901


Capital One Auto Finance               Capital One Auto Finance c/o AIS       Capital One Auto Finance c/o AIS
c/o AIS Portfolio Services, LP         P.O. Box 4360                          Portfolio Services, LP f/k/a AIS Data
4515 N Santa Fe Ave. Dept APS          Houston, TX 77210-4360                 Services d/b/a/ Ascension Capital Group
Oklahoma City, OK 73118-7901                                                  4515 N Santa Fe Ave. Dept. APS
                                                                              Oklahoma City, OK 73118-7901


Citibankna                             Melissa J. Davey                       Ditech Financial LLC fka Green Tree Servicin
Po Box 6181                            Melissa J. Davey, Standing Ch 13 Trustee  P.O. Box 6154
Sioux Falls, SD 57117-6181             Suite 200                              Rapid City, South Dakota 57709-6154
                                       260 Peachtree Street, NW
                                       Atlanta, GA 30303-1236


(c)DITECH FINANCIAL LLC                (p)GEORGIA DEPARTMENT OF REVENUE       Internal Revenue Service
332 MINNESOTA ST STE E610              COMPLIANCE DIVISION                    PO Box 7346
SAINT PAUL MN  55101-1311              ARCS BANKRUPTCY                        Philadelphia, PA 19101-7346
                                       1800 CENTURY BLVD NE SUITE 9100
                                       ATLANTA GA 30345-3202


Gregory Brian Johnston                 Marie Thomason Johnston                Kristi Williams
5538 Hiram Lithia Springs Road         5538 Hiram Lithia Springs Road         5555 Glenridge Connector
Powder Springs, GA 30127-3514          Powder Springs, GA 30127-3514          Atlanta, GA 30342-4759


PRA Receivables Management, LLC        Quantum3 Group LLC as agent for        Howard P. Slomka
PO Box 41021                           MOMA Funding LLC                       Slipakoff & Slomka, PC
Norfolk, VA 23541-1021                 PO Box 788                             Overlook III - Suite 1700
                                       Kirkland, WA  98083-0788               2859 Paces Ferry Rd, SE
                                                                              Atlanta, GA 30339-6213


Syncb/care Credit                      Synchrony Bank                         U. S. Attorney
950 Forrer Blvd                        c/o PRA Receivables Management, LLC    600 Richard B. Russell Bldg.
Kettering, OH 45420-1469               PO Box 41021                           75 Ted Turner Drive, SW
                                       Norfolk, VA 23541-1021                 Atlanta GA 30303-3315


Wells Fargo Bank                       Wells Fargo Bank Nv Na                 Wells Fargo Bank, N.A.
Credit Bureau Dispute Resoluti         Po Box 94435                           435 Ford Road, Suite 300
Des Moines, IA 50306                   Albuquerque, NM 87199-4435             St. Louis Park, MN 55426-4938



Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankamerica
Po Box 982238
El Paso, TX 79998

Georgia Department of Revenue
Bankruptcy Division
Post Office Box 161108
Atlanta, GA 30321

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

Ditech Financial Llc
332 Minnesota St Ste 610
Saint Paul, MN 55101

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Capital One Auto Finance
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

End of Label Matrix
Mailable recipients    27
Bypassed recipients     1
Total                  28